# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

John D.,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-3613

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Plaintiff applied for a period of disability and disability insurance benefits but was denied both initially and on reconsideration. ECF No. 7-2 at PAGEID # 103–20. He attended a hearing before an Administrative Law Judge ("ALJ"), who eventually determined that he was not disabled. *Id.* at PAGEID # 38–61. Plaintiff appealed, but the Appeals Council declined to review the ALJ's decision, rendering it the final decision of the Commissioner of Social Security ("Commissioner"). *Id.* at PAGEID # 24–29.

Plaintiff then filed suit in this Court. Compl., ECF No. 5. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's Statement of Specific Errors and affirm the Commissioner's decision. R&R, ECF No. 11. Plaintiff timely objected. Obj., ECF No. 12.

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b).

## II. ANALYSIS

Plaintiff argues that the ALJ cherry-picked the record, relying only on evidence that supported a "non-disabled" finding and ignoring specific evidence that would have supported finding Plaintiff disabled. *See generally* Obj., ECF No. 12. Of the entire record, Plaintiff cites two pieces of evidence with which the ALJ allegedly failed to engage: (1) an August 2020 MRI of Plaintiff's lumbar spine; and (2) the fact that Plaintiff arrived in a wheelchair to his multiple August 2020 emergency room visits. The objection is overruled.

First, the ALJ did not "gloss[] over or take[] out of context," Obj. 2, ECF No. 12, the August 2020 MRI. Plaintiff concedes that the ALJ discussed that MRI in his decision but says the ALJ erroneously focused only on the fact that the MRI revealed no cord compression and ignored what the MRI *did* reveal: "facet arthropathy, disc bulges, right foraminal narrowing at L4-L5, and bilateral foraminal narrowing at L3-4." *Id.*

To the contrary, the ALJ summarized those findings, explicitly acknowledging the MRI showed "ongoing degenerative changes." ECF No. 7-2 at PAGEID # 51 (citing Ex. 1F/40, 64 (Aug. 2020 MRI and discharge summary)). But, as the ALJ noted, despite those ongoing degenerative changes, the MRI

also found no chord compression, "normal" spine alignment, and "normal" height for the vertebral bodies. ECF No. 7-7 at PAGEID # 421.

Most importantly, Plaintiff was discharged from the hospital after the MRI and was given an injection, pain medications, and a suggestion for outpatient treatment; no surgery or routine injections were recommended. ECF No. 7-7 at PAGEID # 397–99. Plaintiff cites no opinion evidence suggesting the MRI supports any limitations the ALJ failed to impose, and the ALJ did impose a limitation on pushing/pulling with the left lower extremity (along with certain stopping, crouching, climbing, balancing, and kneeling restrictions). ECF No. 7-2 at PAGEID # 46.

The ALJ therefore did not "cherry-pick" the record by summarizing the above portions of the August 2020 MRI within his decision and limiting Plaintiff to the residual functional capacity ("RFC") contained therein.

Second, Plaintiff argues that, although the ALJ considered evidence of Plaintiff's August 2020 hospital visits, he failed to consider that Plaintiff arrived at the hospital in a wheelchair.[1] Obj. 2, ECF No. 12.

But the relevance of Plaintiff's mode of admittance to the hospital on a few occasions in August 2020 is unclear. First, those arrivals are in the same timeframe as the MRI—Plaintiff went to the hospital in a wheelchair on August

---

[1] Plaintiff's blanket citation to almost forty pages of hospital records for the assertion that he arrived at the hospital in a wheelchair is insufficient. In the future, counsel shall include pin cites for relevant information.

22, 2020, and August 25, 2020, both times complaining of back pain. ECF No. 7-7 at PAGEID # 387–88, 392–95. On August 22, 2020, he was discharged with pain medicine and told to follow up with his primary care physician. *Id.* at PAGEID # 390. On August 25, 2020, he was admitted and given the above-referenced MRI. *Id.* at PAGEID # 396–97. As noted above, he was later discharged with no recommendation for surgery, recommended an outpatient program, and was given an injection and pain medication. *Id.* There is no indication he was told to keep using a wheelchair or discharged in a wheelchair. The treatment and discharge plan are more pertinent than the fact that Plaintiff chose to arrive in a wheelchair, and Plaintiff does not argue otherwise.

Also important is that Plaintiff attended appointments *after* being admitted to the hospital in a wheelchair—and did so without any assistance ambulating. *E.g.*, ECF No. 7-7 at PAGEID # 489; ECF No. 7-8 at PAGEID # 844.

Thus, because the treatment and discharge portions of the cited records do not support a conclusion that Plaintiff required any assistance ambulating, let alone additional RFC limitations, it is immaterial that the ALJ failed to mention that Plaintiff arrived at the hospital in a wheelchair.

At bottom, the ALJ thoroughly discussed the evidence relating to Plaintiff's back pain. ECF No. 7-2 at PAGEID # 50–51. Although the ALJ weighed that evidence, as was his job, he did not cherry-pick the record. *Cf. White v. Comm's of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described

more neutrally as weighing the evidence"). The Court has reviewed the cases Plaintiff cited and finds them distinguishable.

### III. CONCLUSION

Plaintiff's objection and Statement of Specific Errors are **OVERRULED**. The Court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision. The Clerk shall enter judgment for the Commissioner and close this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**